IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JOHN DOE, a/k/a SEAN W. LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:21-cv-02156-SHL-atc |
| ) | |
| **WILLIAM LEE, Governor of the State of** ) | |
| **Tennessee, and DAVID B. RAUSCH,** ) | |
| **Director of the Tennessee Bureau of** ) | |
| **Investigation,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION TO GRANT
UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION AND
TO GRANT JOINT MOTION TO ADMINISTRATIVELY STAY CASE**

Before the Court by Order of Reference[1] is Plaintiff John Doe's Unopposed Motion for Preliminary Injunction, filed April 12, 2023. (ECF No. 85.) Defendants Governor William Lee and David B. Rausch, Director of the Tennessee Bureau of Investigations, do not oppose the Motion for Preliminary Injunction. (*Id.* at 2.) In conjunction with the preliminary injunction motion, the parties filed a Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal, requesting a stay of this case until the Sixth Circuit rules on a pending appeal that the parties believe will directly impact and potentially resolve this litigation. (ECF No. 86, at 1–2.) For the reasons below, it is recommended that both motions be granted.

---

[1] Pursuant to ECF No. 13, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

## **PROPOSED FINDINGS OF FACT**

Doe is a Tennessee resident who currently must comply with the Tennessee Sexual Offender and Violent Sex Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201 to 218 ("SORA"). (ECF No. 85, at 2.) According to the Second Amended Complaint, in 2004, Doe was charged with three counts of criminal attempt of aggravated sexual battery in Tennessee. (ECF No. 78 ¶ 63.) On August 18, 2004, days after SORA went into effect, Doe entered an *Alford* plea as to all three counts; however, the conduct leading to those state convictions occurred before SORA went into effect. (*Id.* ¶ 64.) Doe was also charged with violations of federal law regarding conduct that occurred between January and March 2005, and, on December 12, 2005, pled guilty to the use of a computer/telephone system for purposes of persuading a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b). (*Id.* ¶¶ 68, 69.) On July 14, 2006, Doe was sentenced to 188 months incarceration and lifetime supervised release. (*Id.* ¶ 70.)

Doe has since been charged with SORA violations, to which he pled guilty and was sentenced to 270 days in jail. (*Id.* ¶¶ 84, 85.) Doe's federal supervised release was also revoked, and he was sentenced to eighteen months imprisonment followed by a lifetime of supervised release. (*Id.* ¶ 86.) On appeal, the Sixth Circuit concluded that the judgment was procedurally unreasonable and remanded for re-sentencing. (*Id.*) Doe was re-sentenced on January 13, 2021, to eighteen months imprisonment, with credit for time served, followed by a lifetime of supervised release. (*Id.* ¶ 86.)

Doe filed this lawsuit on March 12, 2021, asserting claims related to his sex-crimes convictions and the application of SORA to him. At the root of Doe's claims is his contention that his state-court convictions were based on acts he committed in 2003 and 2004, when

Tennessee's Sexual Offender Registration and Monitoring Act of 1994, the predecessor to SORA, was in effect. (*Id.* ¶¶ 39–62.) He further contends that his federal convictions were based on acts he committed in 2005, and, during the intervening nearly fourteen years he was incarcerated, "the 2004 Act had been amended in excess of fourteen (14) times prior to his release." (*Id.* ¶ 73.) Doe contends that the 2004 law should not apply to his actions that occurred prior to the law's enactment and that amendments to SORA that came after his 2005 conviction should not be retroactively applied to him due to, among other things, the Ex Post Facto Clause.

## PROPOSED CONCLUSIONS OF LAW

Doe seeks a preliminary injunction prohibiting Defendants from continuing to apply and enforce SORA against him pending the outcome of a case pending before the Sixth Circuit with substantially similar SORA challenges, *Doe #1 v. Lee*, No. 23-5248 (6th Cir. Mar. 28, 2023) ("*Doe #1*"), a request Defendants do not oppose.[2] The parties also jointly request a stay of all proceedings until the *Doe #1* opinion is issued, contending that the outcome of *Doe #1* could result in binding precedent that may lead to a resolution in this case without expending additional judicial resources and litigation costs.

I.     **Doe's Unopposed Motion for Preliminary Injunction**

A request for preliminary injunction requires consideration of the following factors: "'(1) the likelihood that the movant will succeed on the merits, (2) whether the movant will suffer irreparable harm without the injunctive relief, (3) the probability that granting the injunction will cause substantial harm to others, and (4) whether the public interest will be advanced by issuing the injunction.'" *Cleaborn v. Gentry*, No. 2:18-cv-02603-JPM-dkv, 2019 WL 2267312, at *3

---

[2] Notwithstanding this lack of opposition, Defendants maintain that SORA does not violate the Ex Post Facto Clause. (ECF No. 85, at 2 n.1.) They acknowledge, however, the authority to the contrary discussed herein. (*Id.*)

3

(W.D. Tenn. May 28, 2019) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)) (alterations omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.* (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Even an unopposed request must be examined "because 'a preliminary injunction is an extraordinary remedy never awarded as of right.'" *Atwell v. Rausch*, No. 3:22-cv-438-KAC-DCP, 2023 WL 3440247, at *3 (E.D. Tenn. May 12, 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

The preliminary injunction factors weigh heavily in favor of granting Doe's unopposed Motion. First, as the case law currently stands, Doe is likely to succeed on the merits of his Ex Post Facto Clause claim. In *Does #1–5 v. Snyder*, 834 F.3d 696, 706 (6th Cir. 2016), the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to Michigan's Sexual Offender and Violent Sex Offender Registration, Verification, and Tracking Act ("the Michigan Act") violated the Constitution's Ex Post Facto Clause. Following that ruling, federal courts in Tennessee have found that "Tennessee's sex offender registration regime is so similar to the Michigan regime at issue in *Snyder* that '[v]irtually every observation that the Sixth Circuit made about the Michigan regime could be made about [Tennessee's current] Act with, at most, minimal tweaking.'" *Atwell*, 2023 WL 3440247, at *5 (citing *Reid v. Lee*, 476 F. Supp. 3d 684, 706 (M.D. Tenn. 2020)). In *Doe #1*, which is pending appeal, the district court reached the same conclusion when enjoining the retroactive application of SORA and its amendments for violation of the Ex Post Facto Clause. No. 3:21-cv-00590, 2023 WL 2335639 (M.D. Tenn. Mar. 2, 2023); *see also Doe v. Rausch*, No. 1:22-cv-01131-STA-jay, 2023 WL 3938878, at *2 (W.D.

4

Tenn. June 9, 2023) (granting a preliminary injunction based on *Snyder* and noting that "[t]he fact that [*Doe #1*] reached the same result regarding the controlling nature of *Snyder* suggests that Plaintiff is likely to be successful on the merits of his ex post facto claim. The outcome of the appeal in [*Doe #1*] will also likely control the outcome of Plaintiff's claims here."). Under this framework, Doe has a likelihood of success on the merits, at least with respect to his Ex Post Facto Clause claim.

Second, Doe is likely to suffer irreparable injury if continued enforcement of SORA against him is not enjoined. "[I]f it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). As stated previously, Doe is likely to succeed on the merits, and "[w]hen constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012).

The third and fourth factors also weigh in favor of granting the injunction. An injunction would serve the public interest, which "is served by preventing the violation of constitutional rights." *Atwell*, 2023 WL 344027 at *5 (quoting *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004)). And, "[b]ased on the fact that Defendant and the State of Tennessee does not oppose the entry of the preliminary injunction, the Court has no basis to find that an injunction would cause substantial harm to others." *Doe v. Rausch*, 2023 WL 3938878, at *3.

Because all factors favor entering the injunction, this Court recommends that the unopposed motion be granted. The Court finds that Doe's proposed (and unopposed) injunction terms are appropriate and therefore recommends that a preliminary injunction be issued as follows:

1. Defendants are prohibited from enforcing SORA against Doe;

2. Defendants are prohibited from requiring Doe to comply with any portion of SORA;

3. Defendants are prohibited from publishing Doe's information on the sex offender registry.

4. Defendants are ordered to provide notice of this preliminary injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them, and Defendants are ordered to take whatever means are necessary or appropriate to ensure proper compliance by all such third parties with this permanent injunction.

## II.    The Parties' Joint Motion to Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doe v. Lee*, No. 3:21-cv-10-KAC-DCP, 2023 WL 2904575, at *4 (E.D. Tenn. Apr. 11, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "But 'a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).  "The court 'must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254–55) (granting a preliminary injunction and motion to stay in a substantively and procedurally similar SORA case due to the pending appeal in *Doe #1*).

Here, a stay is warranted given the potentially dispositive impact of the Sixth Circuit's impending ruling in *Doe #1*.  In that case, the plaintiffs were convicted of sexual crimes prior to the enactment of the predecessor to SORA in 1995.  2023 WL 2335639, at *7.  Relying on *Snyder*, the district court held that, given SORA's punitive nature, the retroactive imposition of SORA and its amendments against the plaintiffs violates the Ex Post Facto Clause and thus enjoined SORA's enforcement.  *Id.* at *11–18, 22.  It is likely that, in the appeal of *Doe #1*, the

6

Sixth Circuit will decide whether the reasoning of *Snyder* is applicable to SORA, such that SORA's application to conduct occurring before its enactment and/or its various amendments violates the Ex Post Facto Clause. Because that precise issue is raised in this case, "[t]he outcome of the appeal in [*Doe #1*] will also likely control the outcome of Plaintiff's claims here." *Doe v. Rausch*, 2023 WL 3938878, at *2.

It appears that staying these proceedings until the Sixth Circuit issues its ruling would be the most efficient use of party and judicial resources. As already determined by another Tennessee district court in a case with a similar posture, "[p]roceeding with the current schedule would put the Parties in the difficult position of expending time and effort to prepare for trial while the Sixth Circuit is considering a potentially dispositive legal issue of Constitutional import. A stay, coupled with the preliminary injunction issued contemporaneously, will therefore benefit all Parties." *Doe v. Rausch*, 2023 WL 2904575, at *5; *see also Newsome v. Lee*, No. 3:21-cv-0041, 2023 WL 5002434, at *4 (M.D. Tenn. Aug. 4, 2023), *report and recommendation adopted*, 2023 WL 5673949 (M.D. Tenn. Sept. 1, 2023) (recommending that a procedurally and substantively similar SORA case should be stayed because of the pending appeal in *Doe #1*). "A stay will also allow the Court to efficiently 'control the disposition of the causes on its docket,'" resulting in "'economy of time and effort' for the Parties, counsel, and the Court." *Id.* (citing *Landis*, 299 U.S. at 254). The Court therefore recommends that these proceedings be stayed until the Sixth Circuit rules in *Doe #1*.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion for preliminary injunction and the motion to stay these proceedings be granted. It is further recommended that

Defendants be ordered to file a status report addressing the impact of the Sixth Circuit's forthcoming ruling in *Doe #1* within twenty-one days of the issuance of that opinion.

Respectfully submitted this 1st day of November, 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.