# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE, a/k/a SEAN LEE** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No: 2:21-cv-02156-SHL-atc** |
| | ) | |
| **DAVID RAUSCH, Director of the** | ) | **Chief Judge Lipman** |
| **Tennessee Bureau of Investigation, in** | ) | **Magistrate Judge Christoff** |
| **his official capacity;** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THIRD AMENDED COMPLAINT

---

**CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................1

LEGAL STANDARD ............................................................................................................2

    I.    Legal Standard for Subject-Matter Jurisdiction ...................................................2

    II.    Legal Standard for Failure to State a Claim ........................................................3

ANALYSIS ...........................................................................................................................4

    I.    The Court Lacks Subject Matter Jurisdiction to Grant Doe Certain Requests
        for Relief. ...............................................................................................................4

        A.    This Court lacks jurisdiction to vacate or expunge a state criminal
                conviction. ..................................................................................................5

        B.    The Court lacks jurisdiction to vacate Doe's federal supervised
                release violation. .......................................................................................6

        C.    Sovereign immunity bars Doe's request for compensatory damages.
                .....................................................................................................................7

    II.    The Court Lacks Subject Matter Jurisdiction over the Ex Post Facto Claim,
        and It Fails to State a Claim on Which Relief Can Be Granted.  (Claim 1) ...........7

        A.    This Court lacks jurisdiction over the ex post facto claim because it
                does not evade Director Rausch's sovereign immunity. (Count 1) ............8

        B.    Director Rausch is not a proper party for provisions of the Act he
                does not enforce, and Doe fails to state a claim for an ex post facto
                violation. ....................................................................................................9

        C.    Doe fails to plausibly allege an ex post facto violation regarding
                Director Rausch's actual statutory duties. .................................................13

    III.    The Court Lacks Jurisdiction Over the First Amendment Claim. (Count 3) .........13

    IV.    The Court Lacks Jurisdiction Over the Eighth Amendment claim, and Doe
        has not Plausibly Alleged an Eighth Amendment Violation.  (Count 4)...............14

    V.    The Procedural Due Process Claims (Count 2 and 5) Fail to State a Claim
        on Which Relief Can Be Granted. .......................................................................15

        A.    The statute of limitations bars the procedural due process claims.............15

        B.    Doe has already received all process to which he is entitled.....................16

    VI.    The Court Lacks Jurisdiction Over the Vagueness or Impossibility
        Challenge to the Child-Access Restrictions, and Doe Fails to State a Claim.
        (Count 2) ...............................................................................................................17

        A.    The Court lacks jurisdiction for the vagueness and impossibility
                claim...........................................................................................................17

B.    The child-access restrictions are not facially unconstitutional for
vagueness or impossibility.........................................................................17

CONCLUSION...................................................................................................................20

CERTIFICATE OF SERVICE ............................................................................................22

# TABLE OF AUTHORITIES

## CASES

*16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*,
  727 F.3d 502 (6th Cir. 2013) ...................................................................1, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................4

*Ass'n of Am. Physicians v. FDA*,
  13 F.4th 531 (6th Cir. 2021) ........................................................................8

*B.T. Produce Co., Inc. v. Robert A. Johnson Sales, Inc.*,
  354 F. Supp. 2d 284 (S.D.N.Y. 2004) ......................................................18

*Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*,
  No. 11-2101, 2011 WL 3444059 (W.D. Tenn. Aug. 8, 2011)................17

*Children's Healthcare is a Legal Duty v. Deters*,
  92 F.3d 1412 (6th Cir. 1996) .................................................3, 6, 10, 14

*Colten v. Kentucky*,
  407 U.S. 104 (1972).......................................................................................19

*Connecticut Dep't of Pub. Safety v. Doe*,
  538 U.S. 1 (2003)...................................................................................16, 17

*Connection Distrib. Co. v. Holder*,
  557 F.3d 321 (6th Cir. 2009) ......................................................................18

*Dennis v. Nat'l R.R. Passenger Corp.*,
  34 Fed. Appx. 950 (4th Cir. 2002)..............................................................6

*Dibrell v. City of Knoxville, Tennessee*,
  984 F.3d 1156 (6th Cir. 2021) ....................................................................15

*Doe v. City of Lafayette*,
  377 F.3d 757 (7th Cir. 2004) ......................................................................12

*Doe v. DeWine*,
  910 F.3d 842 (6th Cir. 2018) ...............................................................16, 17

*Doe v. Michigan Dep't of State Police*,
  490 F.3d 491 (6th Cir. 2007) ......................................................................16

*Doe v. Miller*,
  405 F.3d 700 (8th Cir. 2005) ......................................................................12

*Doe v. Rausch,*
    461 F. Supp. 3d 747 (E.D. Tenn. 2020) ...............................................................20

*Does 1–9 v. Lee, et al.* ("*Does II*"),
    102 F.4th 330 (6th Cir. 2024) ..................................................................... *passim*

*Ernst v. Rising,*
    427 F.3d 351 (6th Cir. 2005) ..........................................................................7

*Fritz v. Charter Twp. Of Comstock,*
    592 F.3d 718 (6th Cir. 2010) ..........................................................................4

*Grayned v. City of Rockford,*
    408 U.S. 104 (1972)...........................................................................18, 19, 20

*Harmelin v. Mich.,*
    501 U.S. 957 (1991)...................................................................................14–15

*Hope v. Comm'r of Ind. Dep't of Correction,*
    9 F.4th 513 (7th Cir. 2021) ............................................................................12

*Jackson v. Raush,*
    2020 WL 7496528 (E.D. Tenn. Dec. 21, 2020)...............................................19

*King Cole Foods, Inc. v. United States,*
    561 F. App'x 444 (6th Cir. 2014) ....................................................................19

*Koch v. Village of Hartland,*
    43 F.4th 747 (7th Cir. 2022) (Kirsch, J., concurring in the judgment) ..................11

*Lawson v. Shelby County, TN,*
    211 F.3d 331 (6th Cir. 2000) .........................................................................7, 8

*Lindenberg v. Jackson Nat'l Life Ins. Co.,*
    912 F.3d 348 (6th Cir. 2018) ..........................................................................17

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992)................................................................................. *passim*

*Mackey v. Rising,*
    106 F.4th 552 (6th Cir. 2024) ........................................................................10

*McGuire v. Marshall,*
    50 F.4th 986 (11th Cir. 2022) ........................................................................12

*Meriwether v. Hartop,*
    992 F.3d 492 (6th Cir. 2021) ..........................................................................19

*Moody v. NetChoice, LLC*,
   144 S. Ct. 2383 (2024) ...................................................................................18

*Northland Family Planning Clinic, Inc. v. Cox*,
   487 F.3d 323 (6th Cir. 2007) .........................................................................18

*Panowicz v. Hancock*,
   No. CIV.A. DKC 11-2417, 2012 WL 4049358 (D. Md. Sept. 12, 2012).................6

*Pilot v. Snyder*,
   No. 15-13191, 2016 WL 6651847 (E.D. Mich. May 16, 2016) .............................6

*Rummel v. Estelle*,
   445 U.S. 263 (1980)........................................................................................14

*S &M Brands, Inc. v. Cooper*,
   527 F.3d 500 (6th Cir. 2008) ......................................................................2, 3

*Shaw v. Patton*,
   823 F.3d 556, 559 (10th Cir. 2016) ...............................................................12

*Skatemore, Inc. v. Whitmer*,
   40 F.4th 727 (6th Cir.), *cert. denied*, 143 S. Ct. 527 (2022)..........................2, 7

*Smith v. Doe*,
   538 U.S. 84 (2003)..............................................................................9, 12, 13

*Stanley v. W. Michigan Univ.*,
   105 F.4th 856 (6th Cir. 2024) .......................................................................6, 9

*State v. Welch*,
   595 S.W.3d 615 (Tenn. 2020)........................................................................19

*Thiokol v. Dept. of Treasury*,
   987 F.2d 376 (6th Cir. 1993) ...........................................................................3

*U.S. v. Lee*,
   No. 2:05-CR-20120, ECF 161 (W.D. Tenn. Jan. 13, 2021) (Ex. A) .............2, 5, 15

*U.S. v. Lee*,
   No. 21-5060, ECF 16 (6th Cir. Dec. 16, 2021) (Ex. C)........................................2

*United States v. Martinez-Vazquez*,
   410 Fed. Appx. 28 (9th Cir. 2010)...................................................................13

*United States v. Mise*,
   240 F.3d 527 (6th Cir. 2001) .........................................................................20

*United States v. Parrish*,
    942 F.3d 289 (6th Cir. 2019) ..................................................................19

*United States v. Williams*,
    553 U.S. 285 (2008) ..............................................................................19

*United States v. Williams*,
    No. 23-6115, 2024 WL 3912894 (6th Cir. Aug. 23, 2024) ...........................12, 13

*Vartelas v. Holder*,
    566 U.S. 257 (2012) ..............................................................................11

*Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*,
    455 U.S. 489 (1982) ..............................................................................18

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989) ..............................................................................19

*Washington State Grange v. Washington State Republican Party*,
    552 U.S. 442 (2008) ..............................................................................18

*Wesley v. Campbell*,
    779 F.3d 421 (6th Cir. 2015) ...............................................................3, 4

*Whole Woman's Health v. Jackson*,
    142 S. Ct. 522 (2021) ..................................................................... *passim*

*Ex parte Young*,
    209 U.S. 123 (1908) .............................................................................3, 7

## STATUTES

Tenn. Code Ann. § 40-39-102(4)(C), (E) (2003) (Ex. E) .....................................9

Tenn. Code Ann. § 40-39-106(f) (2003) ..........................................................9

Tenn. Code Ann. § 40-39-107(e) (2003) (Ex. F) ................................................10

Tenn. Code Ann. § 40-39-111 (2003) (Ex. G) ...................................................11

Tenn. Code Ann. § 40-39-202(14) ..................................................................10

Tenn. Code Ann. § 40-39-202(31) ..................................................................16

Tenn. Code Ann. § 40-39-203 .......................................................................10

Tenn. Code Ann. § 40-39-204(b)(1) ................................................................10

Tenn. Code Ann. § 40-39-206(d) ....................................................................8

Tenn. Code Ann. § 40-39-208(a) ...................................................................................15

Tenn. Code Ann. § 40-39-211 ...............................................................................17, 20

**OTHER AUTHORITIES**

42 U.S.C. § 1983 ..........................................................................................4, 5, 6, 16

Fed. R. Civ. P. 12(b)(1) and (h)(3) ...............................................................................2

Fed. R. Civ. P. 12(b)(6).................................................................................... *passim*

TBI Sex Offender Registry, https://sor.tbi.tn.gov/home                (last
    visited Oct. 10, 2024)..............................................................................................9

Tennessee Sexual Offender and Violent Sexual Offender Registration,
    Verification, and Tracking Act of 2004 ...................................................................1

## INTRODUCTION

Federal pleading rules require dismissal in cases where a plaintiff "can[not] construct a claim from the events [alleged] in the complaint." *16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quotation omitted). This is one of those cases. Doe seeks relief that the Court lacks jurisdiction to give, asking for the Court to amend a state court sentence, to vacate a federal court sentence, and to award damages. Doe also lacks standing to bring most of his claims because Director Rausch does not enforce many of the complained-of provisions, and he has not evaded Rausch's sovereign immunity. And he fails to state a claim on the merits of his claims. Doe is suing the wrong party in the wrong court, and his complaint should be dismissed.

## BACKGROUND

On August 18, 2004, Doe pled guilty in state court of three counts of criminal attempt to commit aggravated sexual battery and one count of solicitation to commit aggravated sexual battery for conduct that occurred in October 2003 and January 2004. (D.103 at 834–35.) As a result, Doe is a "violent sexual offender" who is required to register for life on Tennessee's Sex Offender Registry ("SOR"). (*Id.* at 822.) A year later, Doe pled guilty in federal court to using a computer or telephone system to persuade a minor to engage in sexual acts for conduct that occurred between January and March 2005. (*Id.* at 836.) He was sentenced to 15 years and 8 months incarceration with lifetime supervised release. (*Id.*)

Doe was released from incarceration for his federal offense on January 24, 2019. (*Id.*) He was arrested two days later for violating the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 (the "Act") because he was living with a minor. (*Id.* at 837–38.) He pled guilty in state court to "attempted violation of residential restrictions." (*Id.* at 838.) Doe also pled guilty in *federal* court to two violations of the conditions

of supervised release for his 2005 *federal* offenses, and that resulted in his temporary revocation of his *federal* supervised release.  (*Id.* at 838); *see* Sentencing Transcript, *U.S. v. Lee*, No. 2:05-CR-20120, ECF 161 at 36:4–6 (W.D. Tenn. Jan. 13, 2021) (Ex. A); *see B.T. Produce Co., Inc. v. Robert A. Johnson Sales, Inc.*, 354 F. Supp. 2d 284, 287 n.3 (S.D.N.Y. 2004) (taking judicial notice of a sentencing hearing transcript); *see* motion to take judicial notice, D.105.  He pled guilty to two violations of his federal conditions of release: (1) by committing a crime, and (2) by violating the "additional conditions" of his federal supervised release—separate and apart from the Act—by residing with a minor.  *Id.*; *Lee*, No. 2:05-CR-20120, ECF 77 at 143 (Ex. B).  The Sixth Circuit ultimately affirmed the district court's sentence.  *See* Order, *U.S. v. Lee*, No. 21-5060, ECF 16 (6th Cir. Dec. 16, 2021) (Ex. C).

Doe seeks permanent removal from the SOR.  In the now-operative third amended complaint, (D.103), Doe alleges that the Act is unconstitutional as applied to him because it violates the Ex Post Facto Clause (Count 1), the Due Process Clause (Counts 2 and 5), the First Amendment (Count 3), and the Eighth Amendment (Count 4).  (D.103 at 864–70.)  Doe seeks injunctive relief, "an Order vacating and expunging [Doe's] 'attempted violation of residential restrictions,'" "an Order vacating [his] Supervised Release violation for failing to comply with the unconstitutional provisions of the Act," attorney fees and costs, "compensatory damages in the amount of $500,000," and "an expunction order directing Defendant to remove Doe from the Sex Offender Registry." (*Id.* at 870-71.)  The third amended complaint should be dismissed.

## LEGAL STANDARD

### I.  Legal Standard for Subject-Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1) and (h)(3), this Court "must dismiss" any claim over which it lacks subject-matter jurisdiction.  Federal courts lack subject-matter jurisdiction over a claim

barred by sovereign immunity. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 731-33 (6th Cir.), *cert. denied*, 143 S. Ct. 527 (2022). A State, as a sovereign, is immune from suit. *S &M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol v. Dept. of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, i.e., against the State." *S & M Brands*, 527 F.3d at 507 (quotation omitted). To evade the sovereign immunity, a plaintiff must fit his case into the "narrow exception" provided by *Ex parte Young*, 209 U.S. 123 (1908), which allows federal courts to "enjoin" state officers' "unlawful" exercise of their "enforcement authority," *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 534–35 (2021). But this "narrow exception" to the general immunity rule *only* allows a federal court to enjoin the defendant "state . . . official[] from enforcing state law[]" in a way that runs "contrary to federal law." *Id.* at 532. Such a claim "must [therefore] be 'based on a theory that the officer['s] . . . [own] statutory authority . . . is unconstitutional." *Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) (quotation omitted).

Federal courts also lack subject-matter jurisdiction if a claim does not present a case or controversy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). For a case or controversy to exist, a plaintiff must demonstrate the three components of standing: (1) injury—that the plaintiff suffered an injury in fact; (2) traceability—that the injury is causally connected to the defendant's actions, and (3) redressability—that the injury is likely to be resolved by a favorable judicial decision. *Id.* at 560-61. The injury cannot be the result of "the independent action of some third party not before the court." *Id.* at 560 (quotation omitted).

3

## II.    Legal Standard for Failure to State a Claim

When considering a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept [the plaintiff's] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quotation omitted). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted). To survive a Rule 12(b)(6) motion to dismiss, the complaint must raise more than a "possibility that a defendant has acted unlawfully;" there must be sufficient factual allegations to render the claim facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Wesley*, 779 F.3d at 429. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In the context of a motion to dismiss a claim brought under 42 U.S.C. § 1983, "the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz*, 592 F.3d at 722.

## ANALYSIS

Director Rausch moves to dismiss the third amended complaint for four reasons. First, the Court lacks subject matter jurisdiction to grant Doe relief regarding (1) his state conviction for attempted violation of residential restrictions; (2) his federal conviction for violations of his federal supervised release; or (3) his request for $500,000 in compensatory damages. Second, Doe lacks standing and fails to evade sovereign immunity for many portions of his claims. Third, all claims fail on the merits. Fourth, the statute of limitations bars the procedural due process reputational

4

claims in Counts 2 and 5.

## I.    The Court Lacks Subject Matter Jurisdiction Over Certain Requests for Relief.

Doe asks the Court for relief that this Court cannot give because (1) other courts have exclusive jurisdiction over state criminal convictions, (2) sovereign immunity and lack of standing bar relief for his federal supervised release violation, and (3) sovereign immunity bars his request for damages.

### A.    This Court lacks jurisdiction to vacate or expunge a state criminal conviction.

The Court lacks subject matter jurisdiction to grant the requested relief as to Doe's state criminal conviction for violation of the Act because Doe lacks standing—(1) there is no traceability between the alleged injury and Director Rausch, and (2) relief would not redress his alleged injury.  Further, a § 1983 action is an improper vehicle to attack a state criminal conviction, and sovereign immunity bars retrospective injunctive relief under § 1983.  (D.103 at 870–81.)

*First*, Director Rausch did not institute criminal proceedings against Doe.  *Does 1–9 v. Lee, et al.* ("*Does II*"), 102 F.4th 330, 341 (6th Cir. 2024).  Local law enforcement and prosecutors charged Doe with a child-access restriction violation.  *Id.*  Doe's alleged injury is not causally connected to Director Rausch's actions, so he fails the traceability requirement.  *Lujan*, 504 U.S. at 560–61.  This claim also lacks redressability—the alleged injury cannot be remedied by judicial orders binding Director Rausch.  *See Does II*, 102 F.4th at 335, 342.  Doe argues that "based on the arrest and [state] conviction for 'attempted violation of residential restrictions,'" his federal release was revoked.  (D.103 at 863 ¶ 188, 867 ¶ 221.)  But Doe pleaded guilty in 2019 to *two* violations of his federal conditions of release: (1) by violating state law, and (2) by violating his federal "additional conditions of supervised release" prohibiting living with a minor—conditions separate and apart from the restrictions in the Act.  *See Lee*, No. 2:05-CR-20120, ECF 161 at 11:6–

19 (Ex. A).  Thus, his "additional conditions of supervised release" federal violation will remain regardless of a state conviction expungement.  The relief he seeks would not redress any alleged injury.  *Lujan*, 504 U.S. at 561.

*Second*, this Court lacks jurisdiction in a § 1983 action to expunge a state criminal record because that is exclusively the jurisdiction of the state court.  "Expungement of a state criminal record must be sought through the state court system." *Dennis v. Nat'l R.R. Passenger Corp.*, 34 Fed. Appx. 950 (4th Cir. 2002).  Indeed, "habeas corpus is the exclusive [federal] remedy for challenging the fact of a state conviction," and § 1983 is not "an available vehicle for expunging a state conviction." *Pilot v. Snyder*, No. 15-13191, 2016 WL 6651847, at *2 (E.D. Mich. May 16, 2016), *rep. & recommendation adopted*, No. 15-13191, 2016 WL 3548218 (E.D. Mich. June 30, 2016), *aff'd*, No. 16-2044, 2017 WL 4014975 (6th Cir. May 11, 2017).

*Third*, Doe seeks improper retrospective relief, which is barred by sovereign immunity. *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024).  "The majority of courts have held that an expungement of any kind constitutes retrospective relief impermissible under § 1983." *Panowicz v. Hancock*, No. CIV.A. DKC 11-2417, 2012 WL 4049358, at *7 (D. Md. Sept. 12, 2012) (collecting cases).  The Court lacks jurisdiction to grant Doe's expungement request.

**B.    The Court lacks jurisdiction to vacate Doe's federal supervised release violation.**

The Court also lacks jurisdiction to vacate Doe's federal release violation for two reasons. *First*, Doe does not evade Director Rausch's sovereign immunity because Doe has not alleged Director Rausch's enforcement authority extends to federal supervised release violations.  *See generally*, D.103; *see also Jackson*, 142 S. Ct. at 534–35; *Deters*, 92 F.3d at 1415.

*Second*, Doe lacks standing because there is no traceability between the alleged injury and Director Rausch, nor is the alleged injury redressable by the relief sought.  (D.103 at 870 ¶ c.)

Doe's violation of *federal* supervised release is the result of prosecution by *federal actors* and is not traceable to Director Rausch. (D.103 at 838.) And Doe's violation of his federal supervised release is not redressable by a favorable decision in this case because it "depends on the unfettered choices made by independent actors not before the courts," and Doe has not "adduce[d] facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury." *Lujan*, 504 U.S. at 562 (quotation omitted). Doe has not alleged how Director Rausch, who is a state official, can do anything to redress the alleged injury resulting from Doe's *federal* supervised release violation, much less how the Court's ruling would alter the choices of those federal actors who prosecuted Doe. Accordingly, Doe lacks standing to bring this request for relief. The court should dismiss this request for lack of subject-matter jurisdiction.

### C. Sovereign immunity bars Doe's request for compensatory damages.

The Court lacks subject matter jurisdiction to award compensatory damages against Director Rausch because the request does not evade his sovereign immunity. (D.103 at 871 ¶ d.); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (stating that sovereign immunity "applies to actions against state officials sued in their official capacity for money damages"). Director Rausch is a state official sued in his official capacity. (D.103 at 827.) State sovereign immunity extends to Director Rausch, and Doe cannot obtain damages from him. *Ernst*, 427 F.3d at 358.

Any claim against Director Rausch must be dismissed unless it fits an established exception to sovereign immunity or Doe identifies a waiver of immunity. But the *Ex Parte Young* exception, whereby "a federal court may enjoin a 'state official' from violating federal law." *Lawson v. Shelby County, TN*, 211 F.3d 331, 335 (6th Cir. 2000), only to Doe's requests for prospective declaratory and injunctive relief, not to his request for compensatory damages. *Skatemore, Inc.*, 40 F.4th at 733. Doe's compensatory damages request is barred by sovereign immunity.

## II.    The Court Lacks Subject Matter Jurisdiction over the Ex Post Facto Claim, and It Fails to State a Claim on Which Relief Can Be Granted.  (Claim 1)

Doe's ex post facto claim cannot succeed for several distinct reasons.  First, Doe's complaint fails to put forward factual allegations to support hailing Director Rausch into court.  To plead a claim against Director Rausch in this Court, Doe must offer more than "conclusory allegations" that some state law "violate[s] . . . [federal] law."  *Flagstar Bank, F.S.B.*, 727 F.3d at 504.  Sixth Circuit law clearly precludes using Director Rausch's "statutory duties" as a hook for granting sweeping injunctive and declaratory relief from all of Tennessee's sex offender laws. *Does II*, 102 F.4th at 338; *see id.* at 342 (citation omitted).  Second, Director Rausch is not a proper party to challenge provisions of the Act that he does not enforce.  Third, even if Doe were to name a proper defendant, the provisions of the Act are not retroactive punishment as applied to Doe.

### A.    This Court lacks jurisdiction over the ex post facto claim because it does not evade Director Rausch's sovereign immunity. (Count 1)

The third amended complaint does not point to any aspect of the Act under Director Rausch's statutory authority that runs "contrary to federal law."  *Jackson*, 142 S. Ct. at 532.  Thus, it fails to evade Director Rausch's sovereign immunity.  *Id*.

Despite saying Director Rausch is "an appropriate defendant[]," the complaint alleges no facts that would make him a proper defendant here.  (D.103 at 828.)  Instead, it states only that he is Director of the TBI.  (*Id.* at 827.)  And in discussing the TBI, the complaint alleges that the agency has authority over constitutionally sound responsibilities ("maintaining the state's database of sex offenders, maintaining an Internet accessible public sex offender registry," and "developing registration forms").  (*Id.* at 828.)  It also alleges that the TBI enforces aspects of the Act it does not actually enforce ("enforcing SORA," "registering offenders," "collecting registration fees," "providing statutorily required notices to registrants").  (*Id*.)  "Accepting" those limited facts "as

true," they fail to state a plausible claim against Director Rausch. *Ass'n of Am. Physicians v. FDA*, 13 F.4th 531, 544, 547 (6th Cir. 2021).

Publication. Doe takes aim at Director Rausch's power to "maintain[] the state's database of sex offenders" and place information about Doe on the TBI's website. Tenn. Code Ann. § 40-39-206(d); *see* D.103 at 828. But the publication requirement was in effect at the time Doe committed his offenses in 2003, so it is not retroactive to Doe. *See* Tenn. Code Ann. § 40-39-106(f) (2003) (Ex. D). And Director Rausch's authority to publish information about sex offenders has been upheld as "constitutionally sound." *Does II*, 102 F.4th at 339 (citing *Smith v. Doe*, 538 U.S. 84, 90–91 (2003)). Doe fails to state a claim based on unlawful publication.

Classification. Doe's classification does not violate the Ex Post Facto Clause because it is neither retroactive nor punishment. (D.103 at 864, 867–69.) His 2004 state conviction for criminal attempt to commit aggravated sexual battery was considered a "violent offense" at the time it was committed in 2003, so it is not retroactive. *See* Tenn. Code Ann. § 40-39-102(4)(C), (E) (2003) (Ex. E). And Doe's classification is not punitive. Traditional shaming inherently involves, at a minimum, some sort of public display. *Smith*, 538 U.S. at 98. But here, Doe's classification as a violent sexual offender will *not* be published on the TBI's SOR website once the injunction is lifted.[1] His classification cannot be considered "shaming" if it is not publicly disclosed. *Id*.

Because Director Rausch's publication and classification duties are constitutionally sound, Doe has not evaded Director Rausch's sovereign immunity, and these claims should be dismissed. *Jackson*, 142 S. Ct. at 532.

---

[1] Director Rausch no longer publishes the "sexual offender" and "violent sexual offender" classifications on the SOR website. *See generally*, TBI Sex Offender Registry, https://sor.tbi.tn.gov/home (last visited Oct. 10, 2024). And sovereign immunity bars retrospective relief. *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024).

**B.    Director Rausch is not a proper party for provisions of the Act he does not enforce, and Doe fails to state a claim for an ex post facto violation.**

Doe's ex post facto claim enumerates two requirements in the Act that Director Rausch does not enforce: (1) the reporting requirement and (2) the child-access restrictions.  (D.103 at 864–65.)  Because Director Rausch does not enforce these requirements, Doe has not evaded Director Rausch's sovereign immunity, and he lacks standing to bring these claims.

Reporting Requirement. Doe complains about the Act's in-person reporting requirement under the Ex Post Facto Clause.  (D.103 at 864, 867–69.)  But Director Rausch does not enforce this requirement.  In *Does II*, the Sixth Circuit stated that the plaintiffs sought relief from Director Rausch's powers that fell "squarely within [a] legitimate regulatory scheme."  *Does II*, 102 F.4th at 341; *see also id.* at 339 (citations omitted).  Director Rausch is not a proper defendant to challenge the reporting requirement because the General Assembly has *not* vested "authority" to "enforce[]" reporting violations in Director Rausch's office, *Jackson*, 142 S. Ct. at 534–35, but in the offices of other "state offic[ials] and prosecutors," *Does II*, 102 F.4th at 341; *see* Tenn. Code Ann. § 40-39-203; 40-39-202(14).  Doe has failed to name any of those officials as "parties," so he cannot challenge the in-person reporting requirement.  *Does II*, 102 F.4th at 341.

And Doe has failed to ground the reporting requirement in Director Raush's "possess[ion]" or "purported . . . exercise" of "actual" state authority.  *Mackey v. Rising*, 106 F.4th 552, 559 (6th Cir. 2024) (quotation omitted).  "Violent sexual offenders" must report to their "designated law enforcement agency."  Tenn. Code Ann. § 40-39-204(b)(1).  Doe does not allege that the TBI is the "designated law enforcement agency" to which he must "report" as a "violent sexual offender." *Id.*; *see* D.103.  And he would be wrong to do so.  *See* Tenn. Code Ann. § 40-39-202(14). Sovereign immunity and lack of standing bar relief. *Deters*, 92 F.3d at 1415; *Jackson*, 142 S. Ct. at 534–35.

Even if Doe *were* to name an appropriate defendant for Count 1, he fails to state a claim.

First, the lifetime, quarterly reporting was in effect for sexually violent offenses at the time Doe committed his sexually violent offense in 2003, so it is *not* retroactive as applied to him.  Tenn. Code Ann. § 40-39-107(e) (2003) (Ex. F).  Second, Tennessee's sex offender "registration" and "reporting" rules "are not of a type" American courts "have traditionally considered as a punishment."  *Does II*, 102 F.4th at 339; *see also id*. at 339 n.2 (distinguishing Michigan's reporting requirement, which was struck down in *Snyder*, as more "onerous" and "not on all fours" with Tennessee's law).  The reporting requirement is not retroactive or punitive in violation of the Ex Post Facto Clause.

Child-access restrictions.  Likewise, Director Raush does not monitor for compliance or enforce violations of the child-access restrictions.  That is the job of other state officials and prosecutors.  *Does II*, 102 F.4th at 341.  And "Director Rausch cannot be enjoined from enforcing provisions of the Act which he does not enforce—in fact, just to state the proposition highlights the circularity of such an injunction."  *Id*. at 342.

Even if Doe were to name a proper defendant for the child-access restrictions, he fails to state a claim.  (D.103 at 845–50, 867.)  Many child-access restrictions are *not* retroactive as applied to him.  Tenn. Code Ann. § 40-39-111 (2003) (Ex. G).  When Doe committed his offenses in 2003, offenders were prohibited from establishing a residence or accepting employment "within one thousand feet (1,000')" of a "public school, private or parochial school, licensed day care center, or any other child care facility" or from "living with a minor."  *Id*.

Further, the child-access restrictions are not retrospective but are targeted to future conduct.  "Laws prohibiting persons convicted of a sex crime . . . from working in jobs involving frequent contact with minors . . . do not operate retroactively."  *Vartelas v. Holder*, 566 U.S. 257, 271 n.7 (2012).  The reason is that such laws "address dangers that arise postenactment," *id.*, namely

"children" being "in physical proximity to sex offenders," *Koch v. Village of Hartland*, 43 F.4th 747, 759–60 (7th Cir. 2022) (Kirsch, J., concurring in the judgment).  So, the "critical question" is *not* "whether the law changes the legal consequences of acts completed before its effective date," but whether the law was enacted "to target 'present . . . wrongful activity.'" *Id*. at 758.  In the case of child-access restrictions, the goal is to "limit[]" a sex offender's "temptation[s] and reduc[e his] opportunit[ies] to commit a new crime."  *Doe v. Miller*, 405 F.3d 700, 720 (8th Cir. 2005).

For similar reasons, the Act's child-access restrictions are not punitive.  Although the Sixth Circuit did not address such restrictions in *Bredesen*, *see* 507 F.3d at 1002 n.4, several other circuits have, and they agree.  Prohibiting sex offenders from living near "school[s], playground[s], park[s], or child care center[s]," *Shaw v. Patton*, 823 F.3d 556, 559 (10th Cir. 2016), "does not amount to unconstitutional *ex post facto* punishment."  *Miller*, 405 F.3d at 705.  These measures are "consistent with the . . . regulatory objective of protecting the health and safety of children," *Miller*, 405 F.3d at 720, and "reducing recidivism" among sex offenders, *Shaw*, 823 F.3d at 573; *see McGuire v. Marshall*, 50 F.4th 986, 1008–16 (11th Cir. 2022).  Indeed, if those aims can justify park bans, *see Doe v. City of Lafayette*, 377 F.3d 757, 766 n.8 (7th Cir. 2004), and civil commitment, *see Miller*, 405 F.3d at 720–21, they can justify the less onerous restrictions imposed under Tennessee law.

And Tennessee need not "make individualized judgments" regarding recidivism risk "before imposing" these child-access restrictions.  *Hope v. Comm'r of Ind. Dep't of Correction*, 9 F.4th 513, 534 (7th Cir. 2021).  Broad regulatory groupings based on the crime of conviction are "consistent with the [public safety] purpose and not 'excessive' within the meaning of the Supreme Court's decisions."  *Miller*, 405 F.3d at 722.  "The *Ex Post Facto* Clause does not preclude a State from making reasonable categorical judgments that conviction of specified crimes should entail

particular regulatory consequences." *Smith*, 538 U.S. at 103.  Indeed, the Sixth Circuit recently found that certain categories of violent crimes—including rape—create a presumption that an offender would continue to be dangerous.   *United States v. Williams*, No. 23-6115, 2024 WL 3912894, at *14 (6th Cir. Aug. 23, 2024).  The Court stated, "It is hard to see how someone who commits such a dangerous and violent act [as rape] may overcome the presumption that they are dangerous.  Why?  One reason is that the Framers punished the very same offenses with death." *Id*.  The preventative purpose of the child-access restrictions is particularly salient here, where the facts underlying Doe's convictions are that he approached pre-pubescent girls in a park to attempt aggravated sexual battery.  *See* Doe 2004 Guilty Plea Submission Transcript (Ex. H); *see also United States v. Martinez-Vazquez*, 410 Fed. Appx. 28, 31 (9th Cir. 2010) (stating that a federal court can take judicial notice of facts underlying an *Alford* plea if defendant stipulated and did not lodge an objection); *see* motion to take judicial notice, D.105.  Because the child-access restrictions are not punishment, Doe fails to state a claim for a violation of the Ex Post Facto Clause.

> **C.      Doe fails to plausibly allege an ex post facto violation regarding Director Rausch's actual statutory duties.**

As explained above, Part II(A), *supra*, the publication requirement and "violent" classification are not retroactive to Doe.  (Exs. D, E.)  Nor are they punitive.  *Does II*, 102 F.4th at 339; *Smith*, 538 U.S. at 98.  Thus, his classification and the publication of his information do not violate the Ex Post Facto Clause, and Doe fails to state a claim.  Fed. R. Civ. P 12(b)(6).

## III.    The Court Lacks Jurisdiction Over the First Amendment Claim. (Count 3)

The Court lacks jurisdiction to grant relief for Doe's First Amendment claim for two reasons.  First, Doe does not evade Director Rausch's sovereign immunity because Director Rausch does not enforce the internet reporting requirement.  (D.103 at 866–67); *see also Jackson*, 142 S. Ct. at 534–35.  Doe admits that he must report his internet activities "to law enforcement."

(D.103 at 866 ¶ 215.)  For similar reasons, Doe lacks standing to seek this relief because there is no traceability between the alleged injury and Director Rausch, nor is the alleged injury redressable by the relief sought.  *Lujan*, 504 U.S. at 560–61.

## IV.    The Court Lacks Jurisdiction Over the Eighth Amendment claim, and Doe has not Plausibly Alleged an Eighth Amendment Violation.[2]  (Count 4)

Jurisdiction.   The Court lacks jurisdiction over Count 4 because Doe has not evaded Director Rausch's sovereign immunity and he lacks standing to bring the claim.  *Deters*, 92 F.3d at 1415; *Jackson*, 142 S. Ct. at 534–35.  As in *Does II*, Doe has only identified Director Rausch's enforcement authorities that are not punitive as applied to him, so he has not evaded Director Rausch's sovereign immunity.  *Does II*, 102 F.4th at 336.  As explained above, Part II(A), *supra*, the publication requirement and his "violent" classification are not punitive as applied to Doe.  *See Does II*, 102 F.4th at 339 (citing *Smith*, 538 U.S. at 90–91).    Further, the Court lacks jurisdiction because Doe lacks standing to bring this claim.  Specifically, Director Rausch does not enforce the reporting requirement or the child-access restrictions, and he does not impose any "mandatory minimum" sentence, so Doe lacks standing to assert these provisions of the Act violate the Eighth Amendment.  (D.103 at 867–69); *Does II*, 102 F.4th at 342; *Lujan*, 504 U.S. at 560-61.

Merits.  Doe's allegation that he is subject to "cruel and unusual mandatory minimums" for "unknowing, unintended" violations of the Act fails to state a claim under Rule 12(b)(6).  (D.103 at 867 ¶¶ 218–20.)  Doe has not alleged that a potential minimum criminal sentence—between "ninety days" to "one year" for first and subsequent violations of the Act—is "inherently barbaric" or "grossly disproportionate" to the offense, nor could he.  *Id*. at 862 ¶ 187; *see Graham*, 560 U.S.

---

[2] As a threshold matter, this Court's prior decision allowing Doe's Eighth Amendment claim to proceed relied heavily on opinions from other district courts who misunderstood *Snyder* in finding that the Act "may be . . . punitive." (D.52 at 359.)  Because *Does II* corrects that misunderstanding, this Court should dismiss the Eighth Amendment claim.

at 59 (giving examples of inherently barbaric punishments as torture and handcuffing an inmate to a post for seven hours without water or bathroom breaks); *Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding a life sentence for a theft of $120.75); *Harmelin v. Mich.*, 501 U.S. 957 (1991) (upholding a life sentence for a first time offender caught with 650 grams of cocaine).  And the Act has a scienter requirement, Tenn. Code Ann. § 40-39-208(a), so "unknowing, unintended" violations are not prosecuted.[3]  Doe's suggestion that prosecuting an "unknowing, unintended" violation of the Act runs afoul of the Eighth Amendment fails and should be dismissed.

## V.   The Procedural Due Process Claims (Count 2 and 5) Fail to State a Claim on Which Relief Can Be Granted.

In Doe's due process claim (Count 2), he asserts that his classification as a "violent sexual offender" is an "irrebuttable presumption" that was "not a part of the determination of guilt." (D.103 at 865–66.)   In his reputational claim (Count 5), Doe asserts that he experiences stigmatization due to the registration requirements and his designation as a violent sexual offender, and this stigmatization violates procedural due process protections.   (*Id.* at 869–70.)   The procedural due process claims fail to state a claim because (1) they are barred by the statute of limitations, and (2) Doe has already received sufficient procedure.

### A.   The statute of limitations bars the procedural due process claims.

As this Court has previously determined, Doe's procedural due process claims are subject to Tennessee's *one-year* statute of limitations.   (D.52 at 344–47); *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021).  Doe's reputational claim is markedly similar to the classification issue the Court rejected, so the same analysis applies.  *Dibrell*, 984 F.3d at 1161.

---

[3] Doe claims he did not know he was not allowed to live with a minor, so he was convicted of "unknowing" conduct.  (D.103 at 867 ¶ 219).  But Doe pled guilty to this offense, and the Court found that he was "aware of his responsibilities."  *See* Sentencing Transcript, *United States v. Lee*, No. 2:05-CR-20120, at 36:4–6 (W.D. Tenn. Jan. 13, 2021) (Ex. A).

The limitations period began to run in 2004 because that is both the date when Doe was required to register as a violent sexual offender and when he knew or should have known in 2004 that he would be classified as a violent sexual offender.  (D.103 at 835 ¶ 68 (stating that Doe was informed when he pled guilty in 2004 that he would have to register on the SOR); Doe's 2004 guilty plea submission transcript at 18:9–10, (Ex. H).)  And these claims are not "continuing violations" because they are "premised on some procedural deprivation that occurred at the time that those requirements were imposed." *Doe v. Haslam*, 2017 WL 5187117, at *14 (M.D. Tenn. Nov. 9, 2017); (D.52 at 346.)  Thus, Doe's procedural due process claims should be dismissed as untimely.

## B.    Doe has already received all process to which he is entitled.

Doe fails to state a procedural due process violation because he already received all process to which he is entitled.  "To present a procedural due process claim under 42 U.S.C. § 1983, the plaintiff must show that the defendant acted under the color of state law to deprive the plaintiff of a definite liberty or property interest." *Doe v. DeWine*, 910 F.3d 842, 851 (6th Cir. 2018) (quotation omitted).   The Supreme Court has already determined that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6-7 (2003).  "A successful plaintiff must therefore show that the state's action both damaged his or her reputation (the stigma) and that it 'deprived [him or her] of a right previously held under state law.'" *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 501-02 (6th Cir. 2007) (quoting *Paul v. Davis*, 424 U.S. 693, 708 (1976)).

Doe already received the requisite process when he was convicted of his sex offense. "Procedural due process challenges to state sex-offender registry statutes that mandate the registration of all convicted sex offenders have been foreclosed," *id.* at 502, because these sexual

offenders already received due process in the course of their criminal convictions.  *Conn. Dep't of Pub. Safety*, 538 U.S. at 7.  The registration and notice requirements that Doe claims damage his reputation are the result of his criminal conviction.  *See* Tenn. Code Ann. § 40-39-202(31); *see also* D.103 at 870 ¶¶ 238–39.  Because his categorization turns solely on the fact of his conviction, he has received all the procedure to which he is entitled and has not alleged a violation of procedural due process.  *Conn. Dep't of Pub. Safety*, 538 U.S. at 7; *DeWine*, 910 F.3d at 854.

## VI.   The Court Lacks Jurisdiction Over the Vagueness or Impossibility Challenge to the Child-Access Restrictions, and Doe Fails to State a Claim.  (Count 2)

Doe ambitiously asks the Court to declare that, *on their face*, the child access restrictions are void for vagueness.  (D.103 at 865 ¶¶ 204–07); Tenn. Code Ann. § 40-39-211.  But the Court lacks jurisdiction because Doe fails to evade Director Rausch's sovereign immunity, and Doe lacks standing to bring this claim.  Further, the child-access restrictions are not facially unconstitutional.

### A.   The Court lacks jurisdiction for the vagueness and impossibility claim.

As explained above, Part II(B), *supra*, Director Rausch does not enforce the child-access restrictions.  Thus, Doe has not evaded Director Rausch's sovereign immunity, and he lacks standing because there is no traceability or redressability to Director Rausch's authority.  *Jackson*, 142 S. Ct. at 534–35; *Lujan*, 504 U.S. at 560–61.  Without standing and a waiver of sovereign immunity, this Court lacks jurisdiction to grant this relief.  *Id.*

### B.   The child-access restrictions are not facially unconstitutional for vagueness or impossibility.

The child-access restrictions cannot be facially void because circumstances exist in which they can be applied constitutionally.  And the statutory language can be readily understood by a person of ordinary intelligence, providing adequate guidance that ensures predictable enforcement.

"In evaluating the constitutionality of a statute, we begin with the presumption that an act of the General Assembly is constitutional." *Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*, No. 11-2101, 2011 WL 3444059, at *33 (W.D. Tenn. Aug. 8, 2011) (quotation omitted). This "presumption of constitutionality applies with even greater force" where, as here, a party "brings a facial challenge to the validity of a statute." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 383 n.10 (6th Cir. 2018) (quotation omitted). "Federal courts are required to seek to uphold the constitutionality of state statutes where possible so as to refrain from interfering with the democratic functioning of a state's representative government." *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 339 (6th Cir. 2007).

"Facial challenges are disfavored" because they require speculative, premature interpretations of statutes and run "contrary to the fundamental principle of judicial restraint" that a court should not anticipate a question of law. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). They attempt "to invalidate the law in each of its applications, to take the law off the books completely." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009). And they "threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented." *Grange*, 552 U.S. at 451. For claims, like this one, that do not involve the First Amendment, "a plaintiff cannot succeed on a facial challenge unless he 'establish[es] that no set of circumstances exists under which the [law] would be valid,' or he shows that the law lacks a 'plainly legitimate sweep.'" *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (citations omitted). That means "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497 (1982).

*First*, under due process, "an enactment is void for vagueness if its prohibitions are not

clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A court must determine whether the law provides a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Id*. The law must also "provide explicit standards for those who apply them" to prevent arbitrary and discriminatory enforcement. *Id*.[4] "The root of the vagueness doctrine is a rough idea of fairness." *Colten v. Kentucky*, 407 U.S. 104, 110 (1972). A criminal defendant may challenge a statute as unconstitutionally vague if the law "fails to provide fair notice that certain activities are unlawful" and "fails to establish reasonably clear guidelines for law enforcement officials and courts, which, in turn, invites arbitrary and discriminatory enforcement." *State v. Welch*, 595 S.W.3d 615, 624 (Tenn. 2020). "Perfect clarity and precise guidance have never been required." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989). Indeed, the law is full of "flexible" "standards," *id.*, and "[c]lose cases can be imagined under virtually any statute," *United States v. Williams*, 553 U.S. 285, 306 (2008). The vagueness doctrine thus serves a narrow purpose: to protect against those rare laws that altogether fail "to give ordinary people fair notice of the criminalized conduct" or are "so standardless as to invite arbitrary enforcement." *United States v. Parrish*, 942 F.3d 289, 295 (6th Cir. 2019) (cleaned up).

Here, the child-access restrictions provide fair notice to a person of ordinary intelligence. In *Grayned v. City of Rockford*, the Supreme Court rejected a vagueness challenge to an ordinance prohibiting "noise [and] diversion" on grounds "adjacent to" a school while a class was in session. 408 U.S. at 108. Here, the Act contains the same characteristics of fixed location and time as the ordinance in *Grayned* but is even *more* specific in describing the prohibited conduct. The statute

---

[4] Although at least one federal court has declined to dismiss vagueness challenges to the Act at the Fed. R. Civ. P. 12(b)(6) stage, *see Jackson v. Raush*, 2020 WL 7496528, at *7 (E.D. Tenn. Dec. 21, 2020), delay is unnecessary. The Sixth Circuit routinely approves dismissal of vagueness challenges at this stage of a litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 518 (6th Cir. 2021); *King Cole Foods, Inc. v. United States*, 561 F. App'x 444, 445-46 (6th Cir. 2014).

seeks to protect children (and victims) from offenders at fixed locations and times—by keeping offenders at least 1,000 feet away from school property and other locations where and when children are present or where an individual offender's victim or the victim's family resides. *See* Tenn. Code Ann. § 40-39-211. The distances, times, and property types in Tennessee's statute are much more specific than those found constitutional in *Grayned*. The Act's protected-area restrictions are sufficiently clear for a person of ordinary intelligence to understand what conduct is prohibited and to conform his or her behavior to the law accordingly. *See Doe v. Rausch*, 461 F. Supp. 3d 747, 777 (E.D. Tenn. 2020).

*Second*, due process also prohibits conviction under a statute with which it is legally impossible to comply. *United States v. Mise*, 240 F.3d 527, 529-30 (6th Cir. 2001). For a law to be invalid, there must be "clearly a legal impossibility" created by the irreconcilable conflict between statutes. *Id.* at 530. Here, Doe's claims of impossibility rely upon the same allegations that he makes to support his vagueness claims. (D.103 at 845–49; 865.) Doe alleges only that the laws are vague and does not identify any conflict making it legally impossible for him to comply with the Act. Because the challenged provisions of the Act are not vague and do not conflict with other statutory obligations, his vagueness and impossibility claim should be dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated, Director Rausch's motion to dismiss should be granted.

Respectfully Submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Elizabeth Evan
ELIZABETH EVAN (37770)

20

Assistant Attorney General

MATTHEW DOWTY (32078)
Senior Assistant Attorney General

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 521-0417
Fax: (615) 532-4892
Liz.Evan@ag.tn.gov
Matthew.Dowty@ag.tn.gov
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically and

served through the electronic filing system on this the 11th day of November 2024 upon:

Howard Manis
Yale Manis
88 Union Suite 200
Memphis, TN 38103
(901) 843-3476
HManis@901thefirm.com
Ymanis@901thefirm.com
*Counsel for Plaintiff*

s/ Elizabeth Evan
ELIZABETH EVAN
Assistant Attorney General